IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

WOODROW ANTHONY MARSHALL   §

v.   §     CIVIL ACTION NO. 6:08cv134

DIRECTOR, TDCJ-CID   §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Woodrow Marshall, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of disciplinary action taken against him by prison officials.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Marshall complains that he was convicted of making an unauthorized commodity transfer to other inmates in the facility, in that he transferred commissary items to other inmates to be paid back in return for more than he gave them.  He says that he is actually innocent of the offense and attaches an affidavit from another inmate named Tamayo, which says that Tamayo was the only inmate on the dorm making such commodity transfers and that Marshall was not doing so.  Marshall states that he and Tamayo were both charged with the offense and that Tamayo pleaded guilty, but only received minor punishment, whereas he, Marshall, received 30 days of cell and commissary restrictions, reduction in classification status, and the loss of 30 days of good time credits.  When he complained about the difference in punishments imposed, Marshall says, he was told that "s\*\*\* happens."

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed.  The Magistrate Judge noted that Marshall is not eligible for mandatory

1

supervision, and concluded that Marshall had failed to show that he had been deprived of a constitutionally protected liberty interest as explained in Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995).  In the absence of such a deprivation, the Magistrate Judge concluded that Marshall's claim for habeas corpus relief lacked merit.

Marshall filed objections to the Magistrate Judge's Report on July 1, 2008.  In his objections, Marshall again says that he is "actually innocent," arguing that based on Tamayo's statement and the record before the hearing officer, no rational trier of fact could have found him guilty.  He says that it is a violation of due process to convict and punish a man without evidence of his guilt. Marshall's objections make no mention of the Magistrate Judge's conclusion that he had failed to show any deprivation of a constitutionally protected liberty interest.

Even construing Marshall's objections as asserting that he had a protected liberty interest in not being convicted without evidence of guilt, these objections are nonetheless without merit.  The Supreme Court made clear that the operative interest involved is the nature of the deprivation, and in this case, the punishments imposed upon Marshall did not implicate any constitutionally protected liberty interests.  *See* Sandin, 115 S.Ct. at 2300.  Although Marshall claims that he is "actually innocent," the Fifth Circuit has held that a free-standing claim of actual innocence does not provide a basis for habeas corpus relief; rather, it is a gateway through which a habeas petitioner must pass in order to have an otherwise barred constitutional claim considered on the merits.  Dowthitt v. Johnson, 230 F.3d 733, 741-42 (5th Cir. 2000).  His claim of "actual innocence" does not set out a basis for habeas corpus relief and so his objection on this point is without merit.

Nor can Marshall's claim be construed as challenging the sufficiency of the evidence.  The federal courts cannot retry every prison disciplinary dispute; rather, the court may act only where arbitrary or capricious action is shown.  Stewart v. Thigpen, 730 F.2d 1002 (5th Cir. 1984).  This means that prison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the result reached.  Smith v. Rabelais, 659 F.2d 539 (5th Cir. 1981); *see also* Adams v. Gunnell, 729 F.2d 362, 370 (5th Cir. 1983) (hearing officer's decision will be upheld when

it is supported by "some facts ... any evidence at all.")  An officer's report, by itself, is sufficient to

support a finding of guilt.  Hudson v. Johnson, 242 F.3d 534, 536-37 (5th Cir. 2001).  The district

court, in reviewing this issue, need not conduct a *de novo* factual review.  Smith, 659 F.2d at 545.

In this case, the fact that Tamayo gave a statement which asserted that he was the only inmate

on the wing making unauthorized commodity transfers does not by itself show that Marshall was

innocent of the charges, and Marshall has wholly failed to show that there was no evidence

whatsoever to support the finding of guilt.  His objection on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including

the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all

pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded

that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without

merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate

Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is

DISMISSED with prejudice.  It is further

ORDERED that the Petitioner Woodrow Marshall is hereby denied a certificate of

appealability *sua sponte*.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby

DENIED.

**So ORDERED and SIGNED this 30th day of July, 2008.**



**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**